# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
Assigned on Briefs October 2, 2012

## STATE OF TENNESSEE v. ROMILLA JONES

**Appeal from the Circuit Court for Dyer County**
**No. 11-CR-139A     Lee Moore, Judge**

_____

**No. W2012-01038-CCA-R3-CD  -  Filed October 29, 2012**

_____

Romilla Jones ("the Defendant") pleaded guilty to possession of more than one-half ounce of marijuana with the intent to sell or deliver.  The trial court subsequently sentenced the Defendant as a Range I offender to two years, suspended to community corrections after service of six months in the county jail.  The Defendant appealed, arguing that she should not have been sentenced to any period of confinement.  After a thorough review of the record and relevant authorities, we have determined that the Defendant is not entitled to relief on this issue.  Accordingly, we affirm the trial court's judgment.  Because the judgment order contains a clerical error, this matter is remanded for the entry of a corrected judgment order.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment**
**of the Circuit Court Affirmed; Remanded**

JEFFREY S. BIVINS, J., delivered the opinion of the Court, in which JAMES CURWOOD WITT, JR., and ROGER A. PAGE, JJ., joined.

James E. Lanier, District Public Defender; Cristy C. Cooper, Assistant District Public Defender, Dyersburg, Tennessee, for the appellant, Romilla Jones.

Robert E. Cooper, Jr., Attorney General and Reporter; David H. Findley, Senior Counsel; C. Phillip Bivens, District Attorney General; and Karen Burns, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### Factual and Procedural Background

The Defendant was indicted in June 2011 on one count of possession with the intent to sell or deliver more than one-half ounce of marijuana, a Class E felony.  See Tenn. Code Ann. § 39-17-417(a)(4), (g)(1) (2010).  The Defendant pleaded guilty to the indicted offense

in December 2011. The trial court held a sentencing hearing in February 2012. The presentence report was admitted into evidence without objection and reflects that the Defendant had five prior felony convictions and eight prior misdemeanor convictions. The Defendant received suspended sentences for most of these offenses. The Defendant also was adjudged guilty in March 2011 of violating her probation. The presentence report also contained a detailed recital of the State's proof regarding the circumstances of the offense.

The Defendant gave the following allocution at the sentencing hearing:

I just want to make an argument to the Court that I am a student in school. I work, but I really own my own small business. I'm a single parent of two children. I'm just asking for an opportunity at least to be with my kids and I – whatever they ask of me, I'll do. I just don't want to have to go in and be away from them and have to give custody away of my children.

The parties proffered no other proof at the sentencing hearing.

The trial court determined that the Defendant was a Range I offender because her five prior felonies were all committed on the same day. See Tenn. Code Ann. § 40-35-107(a)(1), (b)(4) (2010). The trial court then found that the Defendant had an "extensive record" of criminal convictions or criminal behavior and also found that the Defendant was on probation when she committed the instant offense. The court also found that, in spite of her many convictions and sentences of probation, the Defendant was not as "impress[ed]" by her past punishments as she should have been. The court found that "measures less restrictive than incarceration have been used, and they've been used unsuccessfully," causing the court to "question . . . [the Defendant's] potential for rehabilitation without some form of incarceration." The court also noted that "fairness and consistency would indicate that some form of incarceration is appropriate." Accordingly, the trial court imposed a sentence of two years with six months to be served in the Dyer County Jail and the rest on community corrections. The Defendant complains on appeal that she should not have been ordered to serve any time in confinement. The State disagrees.[1]

---

[1] The State points out in its brief that the record on appeal does not include a transcript of the Defendant's plea submission hearing. Because the record is sufficient for us to review the Defendant's sentence on the merits, we have chosen to address the Defendant's issue. See State v. Darren Allan Vincent, No. M2010-02468-CCA-R3-CD, 2012 WL 187347, at *3-4 (Tenn. Crim. App. Jan. 20, 2012) (Bivins, J., concurring); see also State v. Edward L. Baird, No. E2011-01763-CCA-R3-CD, 2012 WL 1867275, at *4 (Tenn. Crim. App. May 23, 2012); State v. Christine Caudle, No. M2010-01172-CCA-R3-CD, 2011 WL 6152286, at *5 (Tenn. Crim. App. Dec. 8, 2011) (Bivins, J., concurring), perm. app. granted (Tenn. April 12, 2012).

## Analysis

Prior to imposing sentence, a trial court is required to consider the following:

(1) The evidence, if any, received at the trial and the sentencing hearing;

(2) The presentence report;

(3) The principles of sentencing and arguments as to sentencing alternatives;

(4) The nature and characteristics of the criminal conduct involved;

(5) Evidence and information offered by the parties on the mitigating and enhancement factors set out in [Tennessee Code Annotated sections] 40-35-113 and 40-35-114;

(6) Any statistical information provided by the administrative office of the courts as to sentencing practices for similar offenses in Tennessee; and

(7) Any statement the defendant wishes to make in the defendant's own behalf about sentencing.

Tenn. Code Ann. § 40-35-210(b) (2010).

The referenced "principles of sentencing" include the following: "the imposition of a sentence justly deserved in relation to the seriousness of the offense" and "[e]ncouraging effective rehabilitation of those defendants, where reasonably feasible, by promoting the use of alternative sentencing and correctional programs." Id. § 40-35-102(1), (3)(C) (2010). "The sentence imposed should be the least severe measure necessary to achieve the purposes for which the sentence is imposed," and "[t]he potential or lack of potential for the rehabilitation or treatment of the defendant should be considered in determining the sentence alternative or length of a term to be imposed." Id. § 40-35-103(4), (5) (2010).

Our Sentencing Act also mandates as follows:

In imposing a specific sentence within the range of punishment, the court shall consider, but is not bound by, the following advisory sentencing guidelines:

(1) The minimum sentence within the range of punishment is the sentence that should be imposed, because the general assembly set the

minimum length of sentence for each felony class to reflect the relative seriousness of each criminal offense in the felony classifications; and

(2) The sentence length within the range should be adjusted, as appropriate, by the presence or absence of mitigating and enhancement factors set out in [Tennessee Code Annotated sections] 40-35-113 and 40-35-114.

Tenn. Code Ann. § 40-35-210(c) (2010).

Additionally, a sentence including confinement should be based on the following considerations:

(A) Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;

(B) Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or

(C) Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant.

Id. § 40-35-103(1).

When the record establishes that the trial court imposed a sentence within the appropriate range that reflects a "proper application of the purposes and principles of our Sentencing Act," this Court reviews the trial court's sentencing decision under an abuse of discretion standard with a presumption of reasonableness. State v. Susan Renee Bise, __ S.W.3d ___, ___, No. E2011-00005-SC-R11-CD, 2012 WL 4380564, at *17 (Tenn. Sept. 26, 2012). "[A] trial court's misapplication of an enhancement or mitigating factor does not remove the presumption of reasonableness from its sentencing decision." Id. at __, *20. This Court will uphold the trial court's sentencing decision "so long as it is within the appropriate range and the record demonstrates that the sentence is otherwise in compliance with the purposes and principles listed by statute." Id. Moreover, under those circumstances, we may not disturb the sentence even if we had preferred a different result. See State v. Carter, 254 S.W.3d 335, 346 (Tenn. 2008). The party appealing the sentence has the burden of demonstrating its impropriety. Tenn. Code Ann. § 40-35-401, Sent'g Comm'n Cmts. (2010); see also State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991).

In this case, the trial court determined that the Defendant was a Range I offender. The Range I sentence for a Class E felony is one to two years. Tenn. Code Ann. § 40-35-

112(a)(5) (2010). The trial court then determined that two enhancement factors applied: "The defendant has a previous history of criminal convictions or criminal behavior, in addition to those necessary to establish the appropriate range" and "[a]t the time the felony was committed, . . . the defendant [was] . . . [r]eleased on probation." Tenn. Code Ann. § 40-35-114(1), (13)(C) (2010). The Defendant does not contest the applicability of these enhancement factors. Significantly, the trial court also questioned the Defendant's amenability to rehabilitation without some period of confinement.

As pointed out by the State in its brief, a defendant is not automatically entitled to full probation as a matter of law. See Tenn. Code Ann. § 40-35-303(b), Sent'g Comm'n Cmts. (2010). It is a defendant's burden to establish his or her suitability for full probation. The defendant must demonstrate that full probation will subserve the ends of justice and is in the best interests of both the public and the defendant. State v. Blackhurst, 70 S.W.3d 88, 97 (Tenn. Crim. App. 2001). Factors relevant to the determination of whether full probation would be appropriate include the following: (1) whether a sentence of full probation would unduly depreciate the seriousness of the offense; (2) whether a sentence other than full probation would provide an effective deterrent to others likely to commit similar crimes; (3) the defendant's potential or lack of potential for rehabilitation; and (4) the nature and circumstances of the criminal conduct involved. Tenn. Code Ann. §§ 40-35-103(1)(B), -103(5), -210(b)(4); see also Blackhurst, 70 S.W.3d at 97.

Upon our review of the record, including the transcript of the sentencing hearing, we discern no abuse of discretion by the trial judge in imposing the maximum sentence for the Defendant's drug conviction. Nor do we discern any abuse of discretion by the trial judge in ordering the Defendant to serve six months of her two-year sentence in confinement. Her frequent past attempts at rehabilitation have been unsuccessful. She has an extensive record of criminal conduct. She violated her probation by being charged with the instant offense. The best interests of the Defendant and the public will best be served by the Defendant's spending a period of time in incarceration.

We disagree with the Defendant that the trial judge "appears to have sentenced [her] as a prior defendant was sentenced and g[ave] no rational[e] for sentencing the two defendants the same." While the trial judge remarked prior to imposing the sentence that he was "going to do the same thing [he] did in this other case just before," it is apparent that the two cases were simply coincidental in their need for similar sentences. The trial court took great pains in this case to examine the evidence before it and to consider the implications of the Defendant's past history with the criminal justice system. The trial court committed no error in its imposition of the Defendant's sentence.

In sum, the Defendant's sentence for her drug conviction is within the appropriate range, and the record demonstrates that the sentence is in compliance with the Sentencing Act. Accordingly, the Defendant is entitled to no relief on this issue.

## Conclusion

For the foregoing reasons, we affirm the judgment of the trial court. We note, however, that the original judgment order entered in this matter reflects that the Defendant has a "Sentence Length" of six months rather than two years. Therefore, we remand this matter to the trial court for the entry of a corrected judgment order indicating that the "Sentence Length" is two years, with, as currently indicated, six months to serve in the Dyer County Jail and one year, six months to be served on community corrections.

_____
JEFFREY S. BIVINS, JUDGE